

THE ATTORNEY GENERAL

OF TEXAS

ATSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 29, 1971

Hon. Frank M. Jackson          Opinion No. M-1027
Executive Secretary
Teacher Retirement System      Re:  Questions relating to the
   of Texas                         Teacher Retirement System
Lowich Building                     and the Optional Retirement
Austin, Texas  78701                Program.

Dear Mr. Jackson:

        Your request for an opinion on the above subject matter
reads in part as follows:

        "A 'faculty member' in an institution of
        higher education in Texas elected to go to the
        Optional Retirement Program as provided by Title
        3, Chapter 51, Subchapter G of the Texas Edu-
        cation Code (S.B. 292, 60th Legislature, 1967).
        He later changed to a position, still in an in-
        stitution of higher education in Texas, which is
        not classified as 'faculty member' and became a
        member of the Teacher Retirement System as pro-
        vided in Attorney General's Opinion No. M-647.
        This same employee has again been changed to a
        position which can be classified as 'faculty mem-
        ber.'  Based on this information we request your
        opinion on the following questions.

        "1.  Is the employee of the institution of
        higher education described above required to re-
        main in the Teacher Retirement System?

        "2.  If your answer to Question 1 is in the
        negative, may he again return to the Optional Re-
        tirement Program?

        "3.  If the answer to Question 2 is in the
        affirmative, is he required to return to the
        Optional Retirement Program?

-5008-

"The second situation involves a person who was employed in an institution of higher education in Texas as a 'faculty member' with an opportunity made available to him to become a member of the Optional Retirement Program.  This faculty member did not elect to become a member of the Optional Retirement Program until the time permitting him to make such an election had expired.  He therefore continued to be a member of the Teacher Retirement System.  This 'faculty member' has now moved to another institution of higher education in Texas.  We respectfully request your opinion on the following question.

"4.  Is a 'faculty member' whose time for electing to become a member of the Optional Retirement Program has expired again eligible to elect to become a member of the Optional Retirement Program as a new employee in another institution of higher education in Texas?

"The third situation involves the opposite of the one outlined above.  A 'faculty member' in an institution of higher education in Texas elected to become a member of the Optional Retirement Program. He has now moved to another institution of higher education in Texas still as a 'faculty member.' The question is.

"5.  Is a 'faculty member' who has elected to become a member of the Optional Retirement Program eligible to elect to become a member of the Teacher Retirement System as a new employee of another institution of higher education in Texas?"

In Attorney General's Opinion M-647 (1970) the Summary reads:

"Article 2922-1.03, V.C.S., requires all persons employed as teachers or auxiliary employees of an institution of higher education to be members of Teacher Retirement System of Texas unless they are members of Optional Retirement Program.

"Article 2922-1i, V.C.S., provides an Optional Retirement Program for '<u>faculty members</u>' only as defined in said statute.

"Former 'faculty members' who no longer meet definition of 'faculty member' are required to rejoin Teacher Retirement System as provided for under Article 2922-1.03, 2922-1.04 and 2922-2.05 V.C.S. but said former faculty members are not eligible to receive credit with the Teacher Retirement System of Texas for any service during which time they were members of the Optional Retirement Program."

The controlling statute is Section 5 of Article 2922-1i, Vernon's Civil Statutes, which reads:

"A faculty member (including one so employed on the effective date of this Act) who becomes eligible to participate in the Optional Retirement Program and who is a member of the Retirement System is hereby extended the option of continuing his membership in the Retirement System or participating in the Optional Retirement Program and retaining a limited membership in the Retirement System as hereinafter set forth. A faculty member who is eligible to participate in the Optional Retirement Program on the date the Optional Retirement Program becomes available at the institution of higher education at which such faculty member is employed, no later than the 1st day of August of the calendar year following the date on which the Optional Retirement Program becomes available at the institution of higher education at which such faculty member is employed, shall elect to participate or not to participate in the Optional Retirement Program. A faculty member who becomes eligible to participate in the Optional Retirement Program subsequent to the date on which the Optional Retirement Program becomes available at the institution of higher education at which such faculty member is employed shall make such election within ninety (90) days following the date on which such faculty member becomes eligible to participate in the Optional Retirement Program.

A faculty member exercising the option to partici-
pate in the Optional Retirement Program as afore-
said shall not thereafter be eligible for member-
ship in the Retirement System except as a limited
member pursuant to Section 7 hereof unless such
member ceases to be employed by an institution of
higher education and becomes employed by the
Texas Public School System other than in an in-
stitution of higher education.  A faculty member
not exercising the option to participate in the
Optional Retirement Program as aforesaid shall
be deemed to have chosen to continue membership
in the Retirement System in lieu of exercising
such option to participate in the Optional Retire-
ment Program."

It is our opinion that the provisions of Section 5,
above quoted, do not authorize a series of elections between the
retirement systems, but rather authorize eligible persons to
exercise such option only once, and during the prescribed period
stated therein.

Your first three questions are accordingly answered by
the following sentences.  An employee of an institution of higher
education described in your first situation is required to remain
in the Teacher Retirement System.  Such employee may not again
elect to participate in the Optional Retirement Program.

In answer to your fourth question you are advised
that a faculty member whose time for electing to become a member
of the Optional Retirement Program has expired may not at a sub-
sequent date elect to become a member of the Optional Retirement
Program as a new employee in another institution of higher edu-
cation in Texas.

Likewise, in answer to your fifth question, a faculty
member who has elected to become a member of the Optional Retire-
ment Program is not eligible to become a member of the Teacher
Retirement System as a new employee of another institution of
higher education in Texas.

## S U M M A R Y

Section 5 of Article 2922-1i, V.C.S., au-
thorizes a faculty member of an institution of

higher education to make only one election concerning whether such faculty member desires to participate in the Optional Retirement Program or chooses to continue membership in the Teacher Retirement System.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Pat Bailey
John Banks
Harriet Burke
James Quick

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant